JUSTICE RICE,
concurring.
¶64 I concur with the Court’s decision herein.
¶65 The Court’s Opinion notes that “we must step into ALPS’s shoes” during the period of negotiations with Redies, that being July 2001 through December 2002, and analyze ALPS’s actions as of that time. Then, following its analysis, the Court concludes that ALPS had a reasonable basis in law to contest Redies’ claims against Addy “at the time it was made.”
¶66 I agree with these statements but write only to clarify that, in 2001-02, ALPS was defending Addy against allegations he committed malpractice in 1995. Redies’ complaint asserted that Addy negligently failed to recommend or establish a self-sufficiency trust under the circumstances that existed immediately following her bicycling accident which occurred in 1995. See ¶ 15. Redies claimed that Addy committed malpractice by failing to research and take advantage of statutes as they existed in 1995. Obviously, if 1995 law had not allowed the creation of a self-sufficiency trust, there could be no claim against Addy for failing to recommend or establish one.
¶67 Thus, in defending against Redies’ malpractice claim, Addy was entitled to have his actions judged in accordance with the law in effect at the time he acted, in 1995. He, with ALPS defending him, was entitled to argue to a jury (if factual issues precluded summary judgment) or to a judge that, under the law as it existed at the time, he had committed no malpractice or he had no duty to Redies. He made this argument and, although it was rejected by Judge Baugh, the judge’s order nonetheless concluded that Addy owed a duty to Redies at the time “when he rendered legal advice to the conservator, Mr. Cosner,” or 1995. This is as it should be.
¶68 Because Addy was entitled to be judged, in the underlying malpractice action, under the law as it existed when he acted, ALPS was likewise entitled, when defending its own actions taken in Adder’s *256 defense for purposes of the UTPA claim, to offer the law as it existed in 1995. To be sure, the law evolves, and the applicable law did evolve in the six years between Addy’s actions and the filing of the claims against Addy. However, ALPS should not be judged solely by the law as it existed for purposes of an act of negligence committed in 2001. ALPS was entitled to make, within the UTPA action, the same argument Addy was entitled to make in the malpractice action, i.e., that it did not initially appear that Addy had a duty to Redies, based upon the state of the law in 1995. While the evolvement of the law in 1995 to 2001 is also relevant, the analysis of the law for Redies’ claims properly begins as it existed in 1995. Consideration of the state of the law in 1995 demonstrates even more clearly that ALPS had a reasonable basis in law for initially denying the claims. As we note in the Opinion, it was not until our decision in Rhode in 1998 that “it was clear that an attorney may owe a duty to nonclients in some nonadversarial contexts.” See ¶ 44 (emphasis in original). Addy’s actions preceded Rhode’s signal that the law with regard to duty may be changing.
¶69 I concur.